WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carly Morton,<br><br>                Plaintiff,<br><br>v.<br><br>Arizona Interscholastic Association Incorporated,<br><br>                Defendant. | No. CV-13-02135-PHX-NVW<br><br>**ORDER** |

Before the Court are Plaintiff's Motion for Reconsideration (Doc. 34), Defendant's response (Doc. 36), and Plaintiff's reply (Doc. 38). For the following reasons, Plaintiff's Motion will be denied.

The Court's May 6, 2014 Order (Doc. 32) recounts the relevant facts. Briefly, Plaintiff Carly Morton, proceeding *in propria persona*, sued Defendant for unlawful sex discrimination and retaliation related to her employment as a high school basketball referee. Morton initially sought more than $10 million dollars and demanded that "the Defendant no longer exist." Doc. 22 at 3. She subsequently requested that the Court enter her into the California law school of her choice as additional relief. Doc. 28 at 6; Doc. 34 at 9. After agreeing to a deposition date, Morton changed her mind. Because it would be "user friendly to attorneys," Morton told Defendant she would be "unavailable" to be deposed. Doc. 29 at 15. Despite Defendant's warnings, she failed to appear because she lacked counsel and was "busy preparing for trial." *Id.* at 19. Defendant moved for

sanctions. In response, Morton offered only one argument: The Court's Scheduling Order rendered Defendant's motion untimely. That argument misapprehended the Scheduling Order. The Court dismissed this action with prejudice, and the Clerk entered judgment against Morton.

In her Motion for Reconsideration, Morton now makes the following arguments: (1) The deposition notice does not explicitly use the words "audio," "visual," or "stenographic" to describe the method for recording the testimony and was thus improper; (2) the Court may not dismiss her case under Rule 37 without first ordering her to appear at the deposition, warning her "for any rule misconduct," or opting for less drastic sanctions, especially since her misconduct was not "continuous"; and (3) Defendant was not prejudiced. *See* Doc. 34.

As a threshold matter, the merits of these new arguments are not properly before the Court. Because Morton moved for reconsideration six days after the adverse judgment, the Court considers it under both Rules 59 and 60. *See Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) ("The court will construe [the motion], however styled, to be the type proper for the relief requested."). Neither justifies post-judgment relief here.

Rule 59 permits a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Morton has not presented any newly discovered evidence nor alleged a change in the law. There is only the possibility of clear error or manifest injustice. But it was not clear error to decide Morton's timeliness argument against her. And it cannot be clear error to have decided only the argument then presented.

Rule 60 provides limited grounds to set aside a judgment. Fed. R. Civ. P. 60(b). Morton has not invoked any of them. As noted, she simply makes arguments for the first time that properly belonged in her response to Defendant's Motion for Sanctions. Absent

excusable neglect or other reasons justifying relief, Morton cannot use Rule 60 to offer arguments she withheld when they were timely. *See* 11 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2857 (3d ed. 2012) ("Courts have been unyielding in requiring that a party show good reason for the failure to take appropriate action sooner."); *see also* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). Her Motion for Reconsideration does not justify post-judgment relief under the relevant rules.

Even if the Court reached Morton's new arguments, however, they would not avail her. Defendant noticed Morton's deposition one month ahead of time and sent her a copy. In addition to identifying the subject, date, time, and location of the examination, the notice stated, "You are hereby notified that, pursuant to RCP 26 and 30, the deposition will be taken upon oral examination of the persons whose names and addresses are stated below at the time and place stated below before an officer authorized by law to administer oaths." Doc. 26 at 1. The reference to an authorized officer is sufficient to apprise noticees that a court reporter will administer oaths and record testimony stenographically. *Cf.* Henry L. Hecht, *How to Prepare and Serve a Federal Notice of Deposition or Subpoena (with Forms)*, 18 Prac. Litig. 9, 12 (2007) ("Normally, the officer is the same person as the person who records the testimony; if not the same person, the recordation is made under the direction of the officer and you must retain a separate stenographic reporter."), *available at* http://scholarship.law.berkeley.edu/facpubs/303.

In any event, Morton knew the deposition's date and location—a date to which she had agreed. Nonetheless, she simply refused to attend, responding to Defendant that notice was improper, that she was busy preparing for trial, and that she did "not have a witness or legal counsel to assist her in matters outside the Courtroom (locations that are not neutral)." Doc. 29 at 19. Morton did not raise any notice irregularities with the Court despite having one month to do so. And, as noted above, she did not brief them in her response to Defendant's Motion for Sanctions. *See* Doc. 31. On this record, any asserted failure to

identify explicitly the method of recording does not excuse Morton's flagrant nonappearance. *See Cerami v. Robinson*, 85 F.R.D. 371, 372 (S.D.N.Y. 1980) ("Defendant contends that the original notice of deposition was improper because it left blank the date of the deposition. But the notice was accompanied by a letter asking defendant to specify a date, and defendant ignored the letter. Moreover, defendant waived any irregularity in the notice by failing to object in timely fashion. Under these circumstances, we hold that the failure to specify a date in the notice did not excuse defendant's failure to attend the deposition or otherwise respond to the notice.") (citations and quotation marks omitted).

Dismissal is appropriate here even though "[t]here was never a Court order to appear at a deposition," Morton was never "individually warned for any rule misconduct," and she "was not given the opportunity of less drastic sanctions." Doc. 34 at 5–6. Neither court orders nor warnings are prerequisite to discovery compliance.[1] Rule 37(d) allows for direct sanctions for a party's nonappearance at her own deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). These sanctions are available apart from those allowed when a deponent disregards a deposition-related court order. *See* Fed. R. Civ. P. 37(b). "Unlike FRCP 37(b), neither entry of a discovery order nor a finding of bad faith is a prerequisite for imposing sanctions under FRCP 37(d)." *Lee v. Walters*, 172 F.R.D. 421, 425 (D. Or. 1997) (citing *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 n.1 (9th Cir. 1988)); *see also Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) ("Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order.").

Moreover, a monetary sanction alone would be insufficient. A party must "pay the reasonable expenses . . . caused by the failure" to appear at her deposition "[i]nstead of or in addition to" other sanctions "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Here,

---

[1] Moreover, the Court *did* admonish Morton to comply with procedural rules and direct her to the Federal Rules of Civil Procedure governing discovery, albeit before her misconduct.

- 4 -

1 however, substituting a fee award for dismissal would allow Morton to grant herself an
2 extension of the case management schedule.

3       A fee award alone also fails to remedy the prejudice to Defendant. The expenses
4 associated with the nonappearance do not fully capture Defendant's litigation costs. This is
5 particularly true because Plaintiff previously filed a similar action against Defendant and
6 only partially prosecuted it. The burden resulting therefrom entitles Defendant to timely
7 and good faith prosecution and compliance in this case.

8       Morton's willful nonappearance belies good faith, *cf. Stars' Desert Inn Hotel &*
9 *Country Club, Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997) ("Disobedient conduct not
10 shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad
11 faith or fault warranting default."), and prejudices Defendant, despite the fact Morton did
12 not "continuously" violate discovery rules or court orders. Thus, dismissal is warranted
13 here.

14       Finally, to the extent Morton makes other arguments—for example, that Defendant
15 should have moved for sanctions pursuant to Rule 11 rather than Rule 37—they are
16 meritless.

17       IT IS THEREFORE ORDERED denying Plaintiff's Motion for Reconsideration
18 (Doc. 34).

19       Dated this 5th day of June, 2014.

_____
Neil V. Wake
United States District Judge